**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **ANNE M. SHOULTS,** : | |
| : | **Case No. 2:19-cv-01425** |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge Jolson |
| **COMMISSIONER OF SOCIAL SECURITY,** : | |
| : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court for consideration of Plaintiff's Objection, (ECF No. 17), to the Magistrate Judge's March 16, 2020 Report and Recommendation, (ECF No. 16), recommending that the Court overrule Plaintiff's Statement of Errors, (ECF No. 16), and that judgement be entered in favor of Defendant Commissioner of Social Security. Plaintiff entered an Objection on March 3, 2020. (ECF No. 17). Upon independent analysis by the Court, and for the reasons set forth below, Plaintiff's Objection is hereby **SUSTAINED**. Accordingly, the Commissioner's decision is **REVERSED** and **REMANDED** pursuant to 42 U.S.C. § 405(g) for further proceedings in accordance with this decision.

**II. BACKGROUND**

On January 20, 2015, Plaintiff filed a Title II application for a period of disability and disability insurance benefits. Additionally, Plaintiff protectively filed a Title XVI application for supplemental security income. (ECF No. 9-2 at 14). Both applications alleged Plaintiff's disability began on August 31, 2014. (ECF No. 9-2 at 14). Both claims were denied initially on September

30, 2015, and again on reconsideration on December 28, 2015. Thereafter, on January 22, 2016, Plaintiff filed a written request for a hearing. (ECF No. 9-2 at 14). Plaintiff appeared and testified at a hearing held on September 28, 2017 in Columbus, Ohio. Subsequently, Plaintiff appeared and testified at a second hearing on March 13, 2018 in Columbus, Ohio. On June 25, 2018, the ALJ issued a decision denying Plaintiff's application for Social Security benefits. (ECF No. 9-2 at 2). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (ECF No. 16 at 2).

On April 15, 2019, Plaintiff filed the instant case seeking a review of the Appeal Council's decision. (ECF No. 16 at 2). On September 3, 2019, the Commissioner filed the administrative record. (ECF No. 9-2 at 4). In the administrative opinion, the ALJ followed the Social Security Administration's five-step sequential evaluation process to determine whether an individual is disabled. 20 C.F.R. § 404.1520(a) and 416.920(a). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 31, 2014, the alleged onset date. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, hypertension, asthma, major depressive disorder, generalized anxiety disorder, and panic disorder with agoraphobia. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or was the medical equivalent of the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Prior to step four, the ALJ determined that Plaintiff had the residual functional capacity to do the following: "perform light work, as defined in 20 CFR 404.1567(b) and 416.867, except sit for a total of six hours in an eight-hour day, stand and/or walk for a total of four hours in an eight-hour day; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; no

exposure to moving machinery or unprotected heights; occasional exposure to dust, fumes, gases, and extreme cold; no commercial driving; retains the ability to remember and carry out simple repetitive tasks; able to respond appropriately to supervisors and coworkers in a task oriented setting with only occasional public contact and occasional interaction with coworkers; able to adapt to simple changes and avoid hazards in a setting without strict production quotas." (ECF No. 9-2 at 19-20). At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (20 CFR 404.1564 and 416.965); however, at step five, considering Plaintiff's age, education, work experience, and residual functioning capacity, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

In this action, Plaintiff alleged that the ALJ erred by: (1) failing to evaluate properly the opinions of her treating physician, Dr. Virostko; and (2) improperly discrediting the opinions of her consultative examiners, Dr. Offutt and Dr. Barwick. (ECF No. 17). On March 16, 2020, the Magistrate Judge issued a Report and Recommendation, recommending that the ALJ's decision be affirmed and that judgement be entered in favor of the Commissioner. Plaintiff has Objected to the Report and Recommendation. This matter is now ripe for review. (*See* ECF No. 12, 14, 15).

### III. STANDARD OF REVIEW

Upon objection, this Court must conduct "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1); *see also* Fed. R. Civ. P. 72(b). The review "is limited to determining whether the Commissioner's decision is 'supported by substantial evidence and was made pursuant to proper

legal standards.'" *Ealy of Comm'r of Soc. Sec.,* 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007)).

To constitute substantial evidence, the evidence must be relevant to the extent that a reasonable mind might accept it as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Ellis v. Schweicker,* 739 F.2d 245, 248 (6th Cir. 1984). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984). Additionally, the Court must "'take into account whatever in the record fairly detracts from its weight.'" *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Univ. Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). The findings of the Commissioner, however, are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.,* 246 F.3d 762, 772 (6th Cir. 2001).

Notwithstanding the above, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 746 (6th Cir. 2007)). Moreover, "[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011) (internal quotations and citation omitted); *see Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 374 (6th Cir. 2013), *reh'g denied* (May 2, 2013).

## IV. LAW & ANALYSIS

Plaintiff Objects to the ALJ's decision for the following reasons: (1) the ALJ failed to evaluate properly the opinion of her treating physician, Dr. Virostko; and (2) the ALJ should have followed up with Dr. Offutt and Dr. Barwick after determining their opinions were "somewhat vague."

### A. ALJ's Evaluation of Dr. Virostko's Opinion

According to the "treating source rule," physicians who have a long-standing treatment relationship with an individual are better equipped to provide a complete picture of the individual's health and treatment history. 20 C.F.R. § 404.1527(c)(2). When assessing the medical evidence in a claimant's file, the ALJ must give special attention to the findings of the claimant's treating source(s) and decide whether these findings are entitled to controlling weight. *See Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 544 (6th Cir. 2004). Courts within the Sixth Circuit have consistently followed a two-step analysis to determine if a treating physician's opinion is entitled to controlling weight. *Allums v. Comm'r of Soc. Sec.,* 975 F. Supp. 2d 823, 832 (N.D. Ohio 2013). First, opinions from treating physicians are entitled to controlling weight if the opinion is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2). Second, if an ALJ does not give a treating physician's opinion controlling weight, they must determine the opinion's weight and provide "good reasons" for the decision, applying the bevy of factors set forth in § 404.1527(c)(2)-(6). *Blakely v. Comm'r of Soc. Sec.,* 581 F.3d 399, 406 (6th Cir. 2009). A decision is subject to remand if the ALJ does not evaluate the first step of the "controlling weight" analysis. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013). Although the ALJ may reach the same conclusion on remand, prejudice towards plaintiffs will be

5

avoided because they will gain a clear understanding of the ALJ's rationale and procedure. *Cole v. Astrue,* 661 F.3d 931, 940 (6th Cir. 2011).

Plaintiff argues that the ALJ's "controlling weight" analysis was improper. (ECF No. 17 at 2-3). Namely, Plaintiff contends that the ALJ's failure to analyze whether Dr. Virostko's opinions were unsupported by the record or inconsistent with other substantial evidence renders the ALJ's analysis incomplete.

Here, the ALJ cited several factors to justify the decision to classify Dr. Virostko's opinion as "somewhat vague," including that his opinion was fairly vague and conclusory, that his opinion was provided one year after he last treated Plaintiff, that Plaintiff came to him after a one-year treatment gap asking him if he was "on board" to complete forms for disability, and that the ultimate issue of determining disability is a finding reserved for the Commissioner. (ECF No. 9-2 at 29). As Plaintiff argues, however, the ALJ did not analyze whether Dr. Virostko's opinion was: (1) unsupported by medically acceptable clinical and laboratory diagnostic techniques; or (2) inconsistent with the other substantial evidence in the case record. By omitting the first step of this two-part analysis, the ALJ failed to follow agency rules. *See Gayheart*, 710 F.3d at 376 ("To be sure, the ALJ discusses the frequency and nature of Dr. Onady's treatment relationship with Gayheart, as well as alleged internal inconsistencies between the doctor's opinions and portions of her reports. But these factors are properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight."). Because this omission equates to a lack of substantial evidence supporting the ALJ's decision, and because there is no basis to find such an omission harmless, Plaintiff's Objection is **SUSTAINED**. *See Cole*, 661 F.3d at 939-40 ("The ALJ's failure to follow rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."). Accordingly, the

Commissioner's decision is **REVERSED** and **REMANDED** pursuant to 42 U.S.C. § 405(g) for further proceedings in accordance with this decision.

### B. ALJ's Evaluation of the Consultative Examiners.

In addition to Dr. Virostko, Ms. Shoults was examined by both Dr. Offutt and Dr. Barwick. (ECF. 9-2 at 28). The ALJ concluded that the opinions of both doctors were "somewhat vague." For example, the ALJ determined that while Dr. Offutt indicated that Plaintiff had limitations, she failed to express the degree of such limitations in vocationally relevant terms. *Id.* Similarly, the ALJ determined that Dr. Barwick's opinion failed to describe with specificity the limits surrounding Plaintiff's abilities. *Id.* As a result, both opinions were given "some weight." *Id.*

Plaintiff contends that, before giving the opinions "some weight," the ALJ should have followed up with both doctors. (ECF No. 17 at 4). But an agency is required to re-contact a consultative examiner only if the report is "inadequate or incomplete." 20 C.F.R. § 404.1519p(b). A complete and adequate report will generally include: (i) the claimant's chief complaint(s); (ii) a detailed description, within the area of the examiner's specialty, of the history of such complaint(s); (iii) a description and disposition of pertinent findings from examination or testing; (iv) the results of any testing performed; (v) the claimant's diagnosis and prognosis; and (vi) a medical opinion. *Baker v. Comm'r of Soc. Sec.,* No. 2:19-cv-4323, 2020 U.S. Dist. LEXIS 80604, at *24 (S.D. Ohio May, 7, 2020).

### 1. Dr. Offutt – Physical Evaluation

In May 2015, Dr. Offutt performed a physical consultative evaluation of Plaintiff. (*See* Tr. 626-34). Based upon her evaluation, Dr. Offutt opined that Plaintiff's ability to bend, stoop, lift/carry, walk, crawl, squat, and push/pull heavy objects would be severely impaired due to her current back, leg, and neck pain. (Tr. 630). The ALJ assigned this opinion some weight because

7

the ALJ found Dr. Offutt's opinion to be somewhat vague. (Tr. 24, 27). More specifically, he determined that while Dr. Offutt indicated that Plaintiff had limitations, she failed to express the degree of such limitations in vocationally relevant terms. (Tr. 27). Plaintiff asserts that, given these circumstances, the ALJ should have re-contacted Dr. Offutt for clarification, pursuant to 20 C.F.R. § 404.1519p. (ECF. 12 at 11).

Contrary to Plaintiff's position, Dr. Offutt's report was complete and adequate. As noted in the Magistrate Judge's Report and Recommendation, Dr. Offutt's report included a discussion of Plaintiff's subjective complaints, a history of her impairments, objective findings from the examination, and diagnoses. (Tr. 626-34). Moreover, Dr. Offutt determined that Plaintiff's ability to bend, stoop, lift/carry, walk, crawl, squat and push/pull heavy objects would be severely impaired due to her current back, leg, and neck pain. (Tr. 630); *see Baker*, 2020 U.S. Dist. LEXIS 80805 at *24-25 (holding a report was complete and adequate where it recapped Plaintiff's subjective complaints and medical history, summarized the findings and described the examination, and identified a diagnosis and probable restrictions for work-related activities). Dr. Offutt's failure to define "impaired" does not render her report inadequate or incomplete. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 122 (6th Cir. 2016) (finding a consultative examiner's failure to clarify Plaintiff's limitations against "excessive" bending, kneeling, or squatting did not render the examiner's report incomplete). Accordingly, the ALJ's decision not to re-contact Dr. Offutt was appropriate.

### 2. Dr. Barwick – Psychological Evaluation

In September 2015, Dr. Barwick performed a psychological consultative evaluation of Plaintiff. (Tr. 635-42). Plaintiff reported symptoms relating to depression and anxiety (Tr. 636-37), but she denied any involvement in mental health counseling and indicated that her primary

care physician managed her psychotropic medications. (Tr. 637). According to Dr. Barwick, Plaintiff was tearful during her examination, but she was polite and cooperative; neat and clean with adequate grooming and hygiene; had normal speech; was not easily distracted; was alert and oriented; recalled six digits forward; could recall three of three words after a brief delay; did serial threes without errors; and performed basic arithmetic. (Tr. 638). Dr. Barwick estimated that Plaintiff had average intellectual functioning and that her judgment and insight were intact. (Tr. 639). Ultimately, Dr. Barwick diagnosed Plaintiff with severe major depressive disorder, generalized anxiety disorder, and panic disorder with agoraphobia. (*Id.*). Dr. Barwick maintained that Plaintiff's ability to understand, remember, and carry out instructions, and to respond appropriately to supervision and to coworkers in a work setting was intact. (*Id.*). But Dr. Barwick noted that Plaintiff's abilities in maintaining attention and concentration, maintaining persistence, and pace, and performing simple and multi-step tasks was limited. (*Id.*). Along those same lines, Dr. Barwick opined that Plaintiff's ability to respond appropriately to work pressures in a work setting was limited. (*Id.*). The ALJ gave Dr. Barwick's opinion concerning Plaintiff's mental limitations "some weight." (Tr. 25-27). The ALJ reasoned that Dr. Barwick's opinion was consistent with her examination findings, but that the opinion was somewhat vague and non-specific in explaining the extent of Plaintiff's limitations in certain areas. (Tr. 27).

Again, contrary to Plaintiff's position, Dr. Barwick's report was complete and adequate. It included a discussion of Plaintiff's impairments and subjective complaints, the mental status examination findings, and the Doctor's diagnoses and prognosis. (Tr. 635-41); *see Hamilton v. Comm'r of Soc. Sec.,* No. 1:15-cv-945, 2016 U.S. Dist. LEXIS 124425, at *16 (W.D. Mich. Sept. 14 2016) (holding that a psychologist's opinion, although somewhat vague, was complete and adequate where it provided a history of Plaintiff's illness and subjective complaints, observations

9

about Plaintiff's mental status, answers to questioning, and diagnoses and a prognosis). It follows that the ALJ's decision not to re-contact Dr. Barwick was appropriate. *See Dooley v. Comm'r of Soc. Sec.*, 656 F. App'x 113, 122 (6th Cir. 2016) (holding that the ALJ was not required to contact a consultative examiner where the ALJ found the opinion to be vague and unsupported by the evidence); *Ingram v. Berryhill*, No. 1:17-CV-2163, 2018 WL 5634345, at *12 (N.D. Ohio Aug. 17, 2018) (holding that the ALJ had no duty to request clarification from consultative examiner although he found opinion vague).

## V. CONCLUSION

Based on the foregoing, Plaintiff's Objection (ECF No. 17) to the Magistrate Judge's Report and Recommendation is **SUSTAINED**. Accordingly, the Commissioner's decision is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this decision.

**IT IS SO ORDERED.**

                                                                    _____
                                                                    **ALGENON L. MARBLEY**
                                                                    **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: August 18, 2020**